WILSON, District Judge,
concurring:
I join in the majority opinion based on a fact found by the district court but undervalued in the dissenting opinion, an objective fact which, in my view, taken together with the facts that preceded it, culminated *416 in reasonable, articulable suspicion justifying a limited Terry stop. Officer Loconti approached McCoy after McCoy exited the tow truck; Loconti signaled the tow truck driver in an effort to gain his attention, and, in the words of the district court, the tow truck “driver responded by driving away at a high rate of speed.” (emphasis added). (J.A. at 814.) Although Loconti was not in uniform, I believe it was objectively reasonable in light of all the facts that preceded it for Officer Loconti to view the tow truck driver’s flight to be highly suspicious — not confirming guilty conduct, but warranting further investigation. See Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (“[Nervous, evasive behavior is a pertinent factor in determining reasonable suspicion.... Headlong flight — wherever it occurs — is the consummate act of evasion....”); United States v. Smith, 396 F.3d 579, 584-5 (4th Cir.2005). At that moment, the facts in their totality served to eliminate a substantial portion of innocent travelers and justified a limited Terry stop of McCoy. Therefore, I join in the majority opinion based on objective facts supporting the officer’s subjective beliefs.*

 I think it especially important to give appropriate deference to findings of historical fact made by resident judges. On that score, the majority opinion does not countermand a single finding of historical fact. It does, however, follow two clear commands of the Supreme Court. First, it follows the command to determine reasonable suspicion de novo. In contrast to findings of historical fact, "determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal.” Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Second, the majority opinion follows the Supreme Court’s command that courts are not to view facts through the lens of guilt or innocence, but rather through the lens of probabilities. United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). The dissent suggests the facts here are innocent, but Terry itself illustrates, as the majority opinion notes, that the conduct justifying a stop may be entirely lawful. It is well-established that lawful but evasive, suggestive behavior justifies a stop so that an officer can "resolve the ambiguity.” Wardlow, 528 U.S. at 125, 120 S.Ct. 673. Officer Loconti made a fact-based, common-sense judgment that the conduct he observed was suspicious.